JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q.; et al., | ) CASE NO. CV 17-7917-R |
| Plaintiffs, | ) ORDER GRANTING PLAINTIFFS' |
| | ) AMENDED MOTION TO REMAND AND |
| v. | ) UNITED STATES OF AMERICA'S |
| | ) MOTION TO REMAND |
| California Hospital Medical Center; et al., | ) |
| Defendants. | ) |

Before the Court is Plaintiffs' Amended Motion to Remand, filed on November 21, 2017, and Movant United States of America's Motion to Remand, filed on November 29, 2017. (Dkt. Nos. 20, 24). Having been fully briefed by the parties, this Court took the matters under submission on November 30, 2017.

On February 1, 2016, Plaintiffs filed suit in the Los Angeles Superior Court alleging that they sustained injuries during labor and delivery due to Defendants' malpractice. Defendants sought coverage from the United States under the Federal Tort Claims Act ("FTCA"). On November 22, 2016, the United States Attorney for the Central District of California filed a notice in the Superior Court informing the court that Defendants were not entitled to coverage. Defendants filed a separate lawsuit challenging denial of coverage, which has not yet been resolved ("Parallel Proceeding"). On October 30, 2017, Defendants removed this case under the

Federally Supported Health Centers Assistance Act ("FSHCAA"). Trial was scheduled to begin in the Los Angeles Superior Court on January 9, 2018. Defendants seek an order from this Court substituting the United States in their place and compelling the United States to waive its sovereign immunity under the FTCA. Plaintiffs and the United States move to remand for lack of subject matter jurisdiction and untimely removal.

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "[T]he defendant always has the burden of establishing that removal is proper." *Id.*

The United States "is immune from suit save as it consents to be sued…and the terms of its consent to be sued in any court define the Court's jurisdiction to entertain the suit." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981). The FTCA represents a limited waiver of federal sovereign immunity and allows the United States to be held liable for the torts of its employees. *See United States v. Nordic Vill., Inc.,* 503 U.S. 30, 33-34 (1992). Under the FSCHAA, FTCA coverage may be granted to certain federally qualified health centers and their employees. 42 U.S.C. § 233(a). If covered by the FTCA, the qualified health center is immune from suit and the United States will remove the state court action and substitute itself as the defendant. 42 U.S.C. § 233(a), (c). Whether FTCA coverage applies "depend[s] upon the determination or certification (as appropriate) by the Attorney General that the individual or entity is covered by [the FSHCAA] and was acting within the scope of employment, in accordance with normal Department of Justice procedures." Final Rule, FSCHCAA, 60 Fed. Reg. 22,530, 22,531 (May 8, 1995).

Qualified defendants can remove a suit under the FSHCAA in two ways. First, the Attorney General or his designee may at "any time before trial" certify that the defendants are entitled to FTCA coverage or appear within 15 days of notification of the filing of the case in state court and advise the court whether the Secretary has determined that the defendants are entitled to coverage. 42 U.S.C. § 233(*c*), (*l*)(1). Second, if the Attorney General or his designee "fails to appear in State court within [this 15-day] time period," the defendants may remove the case for "a

hearing, and…a determination, as to the appropriate forum or procedure for the assertion of the claim for damages." 42 U.S.C. § 233(*l*)(2).

Here, neither provision provides a basis for removal. Section 233(*l*)(1) does not provide a basis for removal because the Attorney General's designee, the United States Attorney for the Central District of California, filed a notice in state court informing the court that Defendants were not entitled to FTCA coverage. Section 233(*l*)(2) does not provide a basis for removal because the Attorney General's designee did not "fail to appear in State court."[1]

Defendants argue that section 233(*l*) allows removal for the purpose of challenging the negative coverage decision. Defendants cite no authority for this argument. *See Moore-Thomas*, 553 F.3d at 1244 ("[T]he defendant always has the burden of establishing that removal is proper."). Moreover, section 233 removal allows the district court only to conduct a hearing to determine "the appropriate forum or procedure for assertion of the claim." 42 U.S.C. § 233(*l*)(2). Review of a negative coverage decision plainly exceeds this scope. Even "the legislative history indicates [that a section 233(*l*)(2) hearing] was intended to protect a covered defendant against a default judgment due to the Attorney General's untimeliness, rather than a negative coverage determination." *El Rio Santa Cruz Neighborhood Health Center, Inc. v. U.S. Dep't of Health and Human Servs.*, 396 F.3d 1265, 1272 (D.C. Cir. 2005). Defendants cannot remove under section 233 to challenge the negative coverage decision.[2]

Defendants argue that under section 233(*l*)(1), the Attorney General can appear in state court only when certifying FTCA coverage. The statute reads that the Attorney General may appear "and advise such court as to *whether* the Secretary has determined" that the defendants are

---

[1] The parties did not brief whether the Attorney General timely (within 15 days) appeared in state court. Even assuming the Attorney General did not timely appear, section 233 removal is not permitted after the United States issues a negative coverage decision. *El Rio Santa Cruz Neighborhood Health Center, Inc. v. U.S. Dep't of Health and Human Servs.*, 396 F.3d 1265, 1272 (D.C. Cir. 2005). Section 233(*l*)(2) removal, where the Attorney General does not timely appear, empowers the district court to hold a hearing only to determine "the appropriate forum or procedure for assertion of the claim." 42 U.S.C. § 233(*l*)(2). This Court sees no reason to hold such a hearing after the Attorney General appears and notifies the state court that coverage has been denied. *See El Rio*, 396 F.3d at 1272 ("[T]he legislative history indicates [that a section 233(*l*)(2) hearing] was intended to protect a covered defendant against a default judgment due to the Attorney General's untimeliness…."). Defendants sought removal nearly one year after the United States issued a negative coverage decision. Section 233 removal is not available.

[2] Defendants are not without a remedy. They are currently challenging the United States' negative coverage decision in the Parallel Proceedings.

entitled to coverage. 42 U.S.C. § 233 (*l*)(1) (emphasis added). "Whether" means the United States may *or may not* choose to certify Defendants. The Attorney General can appear to inform the state court that coverage has been denied. Defendants' argument fails.

Defendants next argue that the Attorney General's state court notice was not an "appearance" but a "notice of nonappearance." This Court disagrees. The notice reads that Defendants "are not deemed to be employees of the Public Health Services for purposes of 42 U.S.C. § 233 with respect to the actions or omissions that are the subject of this proceeding" and, as a result, the United States would not "participat[e] in this proceeding or remov[e] this case to federal court." This notice informed the state court that Defendants were not entitled to coverage. The very filing of this notice constitutes an appearance. *See Allen v. Christenberry*, 327 F.3d 1290, 1295 (11th Cir. 2003) ("The Attorney General did appear through the United States Attorney…[by filing a notice stating] that no decision had been made but one was forthcoming.").

Defendants' section 233(c) arguments are inapposite as that provision applies only when the United States issues an affirmative coverage decision and the Attorney General has removed the case. 42 U.S.C. § 233(c); *Allen*, 327 F.3d at 1295.

Defendants do not raise any basis for removal apart from section 233. Therefore, remand is appropriate.

**IT IS HEREBY ORDERED** that Plaintiffs' Amended Motion to Remand and the United States of America's Motion to Remand are GRANTED. (Dkt. Nos. 20, 24).

Dated: March 1, 2018.

                                                                                           _____
                                                                                                     MANUEL L. REAL
                                                                                           UNITED STATES DISTRICT JUDGE

4